Artaruth **BABCOCK** and Husband
Gifford **Babcock**, Appellants,

v.

**MEMORIAL HOSPITAL SYSTEM** and
Northwest Memorial Hospital, Edward
Eugene Kearns, M.D., and Fred De-
Francesco, M.D., Appellees.

No. A14–87–00763–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 19, 1988.
Rehearing Denied June 9, 1988.

Ray Hensarling, Kevin Dubose, Jim M. Perdue, Houston, for appellants.

Suzan Cardwell, John C. Landa, Jr., Joseph R. Alexander, Jr., Sam W. Cruse, Jr., Dion C. Raymos, John Roberson, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

---

## OPINION

J. CURTISS BROWN, Chief Justice.

This is a personal injury case. The judge refused to allow attorneys to discuss the "liability crisis" before the venire panel during voir dire. The jury found the defendants were not negligent in caring for the plaintiff, Artaruth Babcock, and found no money necessary to compensate her and Gifford Babcock, her husband [hereinafter "the Babcocks" or "appellants"] for injuries that resulted from the "occurrence in question." The jury charge did not explain whether the "occurrence in question" was the defendants' alleged negligence, or the development of blisters on the plaintiff's heels that eventually led to amputation of both her legs.

The trial court granted a pre-trial motion in limine prohibiting the attorneys from "[a]ny mention of the alleged 'liability insurance crisis', 'medical malpractice crisis,'" or "the current state of affairs in the liability insurance industry." The record reflects that the trial court carefully considered allowing the parties to discuss the "crisis" during voir dire. The court decided allowing both parties to go into these matters would prejudice the jury, making a fair trial impossible. The appellants claim in their sole point of error that "the trial court abused its discretion by prohibiting voir dire questions inquiring about the lawsuit crisis." We affirm.

■ Trial courts have great discretion in conducting voir dire. *Zeh v. Singleton,* 650 S.W.2d 518, 519 (Tex.App.—Houston [14th Dist.] 1983, no writ). Appellate courts will not disturb a decision by the trial court to limit voir dire absent a clear abuse of discretion. *Gulf States Utilities Co. v. Reed,* 659 S.W.2d 849, 855 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). To establish an abuse of discretion, a party must establish that under the circumstances of the case the facts and law permit the trial court to make but one decision. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985).

■ With adequate safeguards, depending upon the facts and circumstances, a trial court can reasonably allow the attorneys to broach controversial questions that might bear upon existing prejudices. Indeed, a sister court has recently approved a trial court's decision to allow discussion of the "insurance" or "lawsuit" crisis during voir dire. *National Mut. Fire Ins. Co. v. Howard,* 749 S.W.2d 618 (Tex.App.—Fort Worth, n.w.h.). In *Howard,* the plaintiff's counsel asked a member of the venire panel who was an insurance agent whether he had seen advertisements about "our jury system," such as one "about kids who can't play football anymore because of lawsuits." Counsel for the defense objected to this line of inquiry "under the motion in limine." The trial court overruled the objection. The defense did not request the court to require the plaintiff to conduct all further questioning on the subject out of the hearing of the jury. The plaintiff followed up this line of inquiry before the entire panel without objection. Thus, in *Howard* opposing counsel had neither requested safeguards nor objected that the trial court had failed to provide adequate safeguards in allowing such questioning before the entire panel. The Second Court of Appeals decided that if a heated public controversy could prejudice a party's case, that party had a right to ask questions to ferret out existing bias. The court also noted that questions about the "crisis" controversy do not automatically inject insurance into a case. We agree.

■ In the present case the trial court allowed limited questioning of one juror about the "crisis" out of the hearing of the panel. The court further allowed general questioning of the entire panel that appears to have been calculated to determine whether additional members should be questioned out of the hearing of the panel. The court decided, however, that if the questions were put to the venire panel as a whole, the danger of creating new prejudices during voir dire would outweigh the danger of failing to detect existing prejudice among the jurors. The facts and law here concerned allowed the trial court a number of options in controlling the manner of questioning.

As the appellants did not timely advance the specific questions they wanted to ask,

they may not complain upon appeal that the trial court abused its discretion in refusing to allow those questions. *See* TEX. R.APP.P. 52(a). Since the specific questions were not before the trial court at the time of its decision, we are not compelled to find an abuse of discretion. After voir dire, but before the beginning of his evidence, the appellant offered a list of questions he claims he would have asked. He made this offer the day after the jury was sworn. The list did not become part of the record until the plaintiffs' motion for new trial. An offer of such questions after the jury has been sworn is not timely.

If it were within our discretion this court would allow, with adequate safeguards, much broader questioning of the panel. Nevertheless, we may not find an abuse of discretion merely because the trial court decided the issue differently than we would. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The trial court did not abuse its discretion. The Babcocks' sole point of error is overruled. The judgment of the trial court is affirmed.

ROBERTSON, Justice, concurring.

The majority opinion states "[s]ince the specific questions were not before the trial court at the time of its decision, we are not compelled to find an abuse of discretion." Lest this sentence be misconstrued, I file this concurrence. Absent the specific questions being timely presented to the court, we are compelled to *not* find an abuse of discretion. Whether there was an abuse of discretion by the trial court in not permitting questioning of the venire on the alleged "liability insurance crisis" is simply not before us in this case. Otherwise, I concur in the remainder of the majority opinion.

MURPHY, J., joins in the concurrence.

Publish. TEX.R.APP.P. 90.