In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-375 CV


____________________



IN RE COMMITMENT OF DONALD LARKIN







On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 02-10-06874-CV






OPINION


 The State of Texas filed a petition to commit Donald Larkin as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-.147 (Vernon 2003 &
Supp. 2005). The jury found Larkin suffers from a behavioral abnormality making him
likely to engage in a predatory act of sexual violence and that Larkin has serious difficulty
in controlling his sexually violent behavior. Larkin presents four issues in his appeal from
the judgment and order of civil commitment. We find no error and affirm the judgment.


 In his first issue, Larkin urges that the trial court abused its discretion in denying
appellant the right to ask venirepersons proper questions designed to determine bias. The
State contends that the trial court properly sustained its objections to improper commitment
questions. The bulk of the appellant's discussion of this issue centers on one question. 
The trial court sustained the State's objection to the following: 

 [By Respondent's Counsel]: If the -- if the question regarding the
prior sexually violent offenses is proved, would you then have such a bias
against Mr. Larkin because he is -- has been proved to you to be a sexually
-- a person who has committed sexually violent crimes? Do you think that
at that point that you would consider, for your own purposes, whether he's
going to do it again in the future has already been decided?

 

 At the bench, the trial court explained the ruling, as follows: 


 THE COURT: The whole purpose of this trial is for the jury to
ultimately decide whether he's likely to reoffend again. If a portion of that
evidence is that he's had two priors, then that is part of the evidence that
they're going to use to decide whether he's likely to reoffend.


 So, asking them if that's going to affect them is like asking them --
you're trying to ask them to ignore the evidence in this case and not be
affected by the evidence, which is not proper. They're supposed to be
affected. That's the whole purpose of this trial.


 We apply an abuse of discretion standard to voir dire examination, keeping in mind
that the trial court should allow a litigant broad latitude to discover bias or prejudice by
potential jurors. Babcock v. Northwest Memorial Hosp., 767 S.W.2d 705, 709 (Tex.
1989). Larkin argues that the question was designed to uncover jurors who would be so
biased that they would not consider all of the evidence before deciding the appellant would
likely reoffend. He analogizes his case to Vasquez v. Hyundai Motor Co., 119 S.W.3d
848 (Tex. App.--San Antonio 2003, pet. granted), an airbag products liability case in
which the Court of Appeals held that the trial court erred in precluding the plaintiffs from
asking the venire questions about bias against non-users of seat belts. Id. at 851. The
issue in Vasquez was whether the trial court could preclude inquiry into whether the
prospective jurors would be so influenced by the evidence of non-use of a seat belt to
secure a child that they would not consider any of the other evidence in the case. Id. at
850-53. In marked contrast to the situation in Vasquez, counsel in this case asked if
particular evidence would have a persuasive effect but not whether it would have a
prejudicial effect. As the trial court explained, the State may rely upon the respondent's
prior conduct to prove the likelihood of future conduct. Only if the juror will not act with
impartiality could the juror be challenged for cause for improper bias. Tex. Gov't Code
Ann. § 62.105 (4) (Vernon 1998); Compton v. Henrie, 364 S.W.2d 179, 182 (Tex. 1963)
("[T]o disqualify, it must appear that the state of mind of the juror leads to the natural
inference that he will not or did not act with impartiality."). On appeal, Larkin argues he
sought to determine "whether the fact that Appellant had two prior convictions would
prevent them from considering all the evidence." That may well have been a proper
question under the precedent set by Vasquez, but it is not the question asked during jury
selection in this case. The trial court did not abuse its discretion by ruling that the question
asked by counsel improperly sought to commit the members of the venire on the weight
of particular evidence. 

 Larkin also asserts error based upon related objections also sustained by the trial
court. Immediately before asking the question discussed above, counsel asked the
members of the venire the following question: 

 Now, one of these questions is regarding, he has to have committed
at least two prior sexually violent offenses. And because this is a civil case,
if I tell you I believe the facts in this case will show that he has, in fact, four
convictions involving children, can you -- who here can say, "I can take that
proof of the four convictions, and then I can still, with an open mind, listen
to expert testimony regarding whether he will or will not reoffend"? Who
thinks that's just absurd?


 The trial court instructed counsel, "Rephrase your question in the form of the
statute." From the trial court's instruction, it is evident that the question was excluded
because it asked the jurors to commit to a result on the particular facts of the case, that is,
four prior convictions for sexual assault on a child, and that the trial court sustained the
objection based on the form of the question. This ruling is within the trial court's
discretion.

 Immediately after the trial court sustained the first two objections, counsel directed
an inquiry to a particular member of the venire, as follows: 

 [By Respondent's Counsel]: Okay. No. 5, why don't you just explain
to me how, if there were convictions -- I believe you said if there were
convictions you would be biased. Would you explain?


 [By Venire Member]: Well, if he had more than two convictions,
probable guess would be he's going to do it again, repeat offenders.


 [Counsel]: If -- so, if there were two convictions, would you then be
biased against him in -- would you say if it were a race, at that point, we're
lagging a little bit behind?


 [Venire Member]: If he's had them, I'm going to -- I would say in my
mind right now -- just telling you the truth -- very good chance, probably 98
percent in my mind, that he's going to do it again.


 [Counsel]: Okay. And that's based on your -- your experience then
as a -- you know, there's just a fiction -- I mean, we do -- we do exist in the
courtroom in a fiction. This is, you know, you're going to likely think
something like that. You don't withhold your judgment in your real life, not
as much as we do here. You don't have to wait until everything is in, and
you don't have this sort of fiction that is in the American courtroom.

 Now, you are not to leave behind your common sense, because I'll be
counting on your common sense when we get to the issue of whether Mr.
Larkin is, in fact, a sexually violent predator.

 But, No. 5, you're saying, if these -- if these are proved up to you,
then at that point, it's all over for you; is that right? 


 At that point, the court sustained the State's objection. Counsel restated the
question, as follows:

 [By Respondent's Counsel]: Okay. And you would have a bias in that
direction; is that --


 [By Venire Member]: Uh-huh.


 [Counsel]: You would prejudge him in that direction; is that fair?


 [Venire Member]: That's correct.


 Counsel was able to explore the potential juror's "bias." The trial court's ruling
did nothing more than preclude counsel from securing a commitment on the weight of the
evidence. This ruling, too, is within the trial court's discretion. 

 Immediately following the above-referenced exchange with Juror No. 5, counsel
engaged in the following exchange with Juror No. 2: 

 [By Respondent's Counsel]: [Juror No. 2], do you think that you
would have a bias against the respondent if these sexual convictions were
shown?


 [By Venire Member]: I believe so.


 [Counsel]: And you don't think that you could hear evidence then?


 [Venire Member]: Yeah, I could hear the evidence, but I think it
affects the decision.


 [Counsel]: Okay. Well, a bias is a leaning towards one side or the
other or a prejudgment. Do you think that the proof of these crimes, then,
would prejudge you toward finding him to be a sexually violent predator; is
that fair?


 [Venire Member]: Didn't quite understand what you were saying.


 [Counsel]: Well, tell me, then, what effect, if two convictions are
proved to you, what effect would that have on your thinking at that point?


 [Venire Member]: I would believe that he's likely to do it again.


 [Counsel]: So you couldn't move on to the second part, because that
would have proved it to your satisfaction; is that fair?

 Counsel for the State objected to that question; the court sustained the objection and
had counsel approach the bench for the discussion, and the trial court's explanation of its
ruling previously described in this opinion. At the point where the trial court disallowed
a question, counsel had already asked if the potential juror would have a bias and whether
he would consider all of the evidence. We also note that counsel subsequently obtained
a showing of hands for the following question: 

 [By Respondent's Counsel]: Okay. If he did this, if this psychiatrist
says this, you know, you have to weigh all this evidence. And what I'm
looking for, really, is for you to have a prejudice against this subject matter,
which is -- which is nasty, this is the time now to tell me, to let me know,
because if you wouldn't want you on your jury, if you were Mr. Larkin,
then please raise your hand.

 

 The trial court declined to restrict counsel's questions the next time the State's
counsel objected that counsel was trying to "put magic words in the venire person's mouth
by saying in response to potential evidence, . . . 'Does that create a bias?'" For the
remainder of jury selection, trial counsel freely questioned individual members of the
venire about the effect of evidence of past conduct and their potential for bias against the
appellant. The trial court also allowed counsel an additional ten minutes for voir dire. 

 "A court abuses its discretion when its denial of the right to ask a proper question
prevents determination of whether grounds exist to challenge for cause or denies intelligent
use of peremptory challenges." Babcock, 767 S.W.2d at 709. In contrast to the situation
in Babcock, Larkin's counsel was not prohibited from inquiring about the venire members'
attitudes on a social issue with a potential to create bias or lack of impartiality. The record
does not support the appellant's claim that the trial court prevented counsel from
determining bias in order to made challenges for cause and exercise peremptory
challenges. We find no abuse of discretion in the manner in which the trial court
conducted jury selection. Issue one is overruled.

 The appellant's second issue contends the judgment is void because Health and
Safety Code § 841.041 violates the state constitutional prohibition on the passage of special
and local laws changing the venue in civil and criminal cases. See Tex. Const. art. 3, §
56; Tex. Health & Safety Code Ann. § 841.041(a) (Vernon Supp. 2005). Larkin did
not present this challenge to the trial court, and raises the issue for the first time on appeal. 
Therefore, no error is preserved for appellate review. In re Commitment of Johnson, 153
S.W.3d 129, 130-31 (Tex. App.--Beaumont 2004, no pet.); Tex. R. App. P. 33.1. Issue
two is overruled.

 In his third issue, Larkin argues Section 841.082(d) of the Texas Health and Safety
Code is void for vagueness "in that it appears to mandate the trial judge to transfer
jurisdiction 'for purposes of appeal' to another district court." See Tex. Health &
Safety Code Ann. § 841.082(d) (Vernon Supp. 2005) ("Immediately after the case
becomes final for purposes of appeal, the judge shall transfer jurisdiction of the case to a
district court, other than a family district court, having jurisdiction in the county in which
the person is residing, except that the judge retains jurisdiction of the case with respect to
a civil commitment proceeding conducted under Subchapters F and G."). We considered
and rejected this claim in In re Commitment of Lowe, 151 S.W.3d 739, 741-44 (Tex. App.--Beaumont 2004, pet. filed). We reject Larkin's argument for the same reasons expressed
in Lowe. Referring to the opinion on the merits in In re Commitment of Browning, 113
S.W.3d 851 (Tex. App.--Austin 2003, pet. denied), Larkin suggests an earlier order of this
Court construed Section 841.082(d) to require transfer of an appeal to the appellate district
for the transferee court. In Browning, the appellant filed notice of appeal in both the
transferor and the transferee courts, creating duplicate appeals; the Supreme Court
transferred the appeal filed in this Court to the Austin Court of Appeals as a discretionary
transfer, thereby eliminating the duplication caused by the unilateral action of the
appellant. The Court did not address the issue of which notice of appeal operated to
invoke jurisdiction. See Administrative Order No. 03-9007 (Tex. Feb. 5, 2003). Issue
three is overruled. 

 In his fourth issue, Larkin contends the commitment requirements of Health and
Safety Code Section 841.082, and the final judgment and commitment order entered in
accordance with the statute, violate due process because they are overly broad and vague. 
See Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp. 2005). The same
arguments presented by Larkin were also presented and rejected in other appeals taken
under Chapter 841 of the Health and Safety Code. See Johnson, 153 S.W.3d at 131-32;
In re Commitment of Castillo, 144 S.W.3d 655, 656-57 (Tex. App.--Beaumont 2004, no
pet.). Some of the arguments presented in the brief were addressed in Larkin's previous
appeal; we will not revisit those arguments now. See In re Commitment of Larkin, 127
S.W.3d 930, 932 (Tex. App.--Beaumont 2004, no pet.). 

 In Johnson, we held the appellant failed to preserve error on his complaints
regarding a document titled "Civil Commitment Requirements: Treatment and Supervision
Contract." Johnson, 153 S.W.3d at 132. The document was attached to Larkin's pre-trial
motion to dismiss the State's petition on the ground that it was unconstitutionally punitive.
Although the document is attached to a pre-trial motion, Larkin did not present the trial
court with the vagueness challenge discussed in his brief, nor did he obtain a ruling from
the trial court on his objections to the individual requirements mentioned in his brief on
appeal. Counsel did mention to the trial court that she wanted to submit expert testimony
on Larkin's inability to be successfully treated without special conditions. The trial
concluded without presenting the expert testimony and the appellant did not obtain a ruling
on any specific treatment requirements. Because the errors asserted on appeal were not
presented to the trial court, the appellant's arguments have not been preserved for appellate
review. Id.; Tex. R. App. P. 33.1. Issue four is overruled. We affirm the judgment.



 AFFIRMED. 

 

 _____________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on March 17, 2005

Opinion Delivered April 7, 2005


Before McKeithen, C.J., Gaultney and Horton, JJ.