NO.
12-05-00414-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

HERBERT
D. ODOM, INDIVIDUALLY   §                      APPEAL FROM THE 217TH

AND AS REPRESENTATIVE OF THE

ESTATE OF JIMMIE SUE ODOM,

DECEASED, ROBERT D. ODOM,

WILLIAM E. ODOM AND

CLINTON W. ODOM,

APPELLANTS          §                      JUDICIAL DISTRICT COURT OF

 

V.        

 

DARWIN K. CLARK, M.D.,

APPELLEE   §                      ANGELINA COUNTY, TEXAS

                                                                                                                                                           


OPINION

              On April 13, 2002, Jimmie Sue Odom died of
complications resulting from an angioplasty. Appellants Herbert D. Odom, Robert
D. Odom, William D. Odom, and Clinton W. Odom are the surviving children of
Mrs. Odom.  In their sole issue, the
Odoms contend that the trial court abused its discretion by unreasonably
limiting voir dire in their subsequent medical malpractice lawsuit.  We affirm.

 

Background

            On April 21, 2003, the Odoms filed a
lawsuit against Appellee Darwin K. Clark, M.D., alleging that Dr. Clark was
negligent in his performance of Mrs. Odom’s surgery and thus caused her
death.  On January 10, 2005, the Odoms
filed a motion to enlarge time for voir dire. 
In the motion, the Odoms contended that the jury pool would have “been
subjected to media coverage of the medical malpractice insurance crisis, tort
reform, and the flight of doctors from their practices due to exorbitant
liability insurance costs.”  Further,
they alleged that they would not have an adequate opportunity to intelligently
exercise their peremptory challenges if they were not given “ample time to
conduct voir dire.”  They also stated
that they needed adequate time to question the venire about the statewide
debate over the “liability insurance crisis” and the “lawsuit crisis.”  The Odoms did not include any potential
questions in their motion, but, instead, merely stated broad areas of inquiry.

            On October 19, 2005, the trial court
held a hearing on pretrial motions during which it considered the Odoms’
motion.  At that hearing, counsel for the
Odoms requested one and one half hours to conduct voir dire on behalf of the
Odoms.  The trial court explained that
the time for voir dire was limited because more than one voir dire was
scheduled for that day.  The trial court
then instructed the parties that they would be limited to no more than one hour
per side to conduct their voir dire examination.  The parties did not object to this ruling.

            Voir dire took place on September 6,
2005.  The trial court began by
explaining the voir dire process to the venire. 
Counsel for the Odoms was then allowed to conduct his voir dire
examination. During the one hour afforded him, counsel gathered enough
information to later successfully challenge 29 of the 88 potential jurors for
cause.  Nonetheless, at the end of the
one hour time limit, counsel asserted that he had not been given enough time and
requested five additional minutes from the trial court.  The trial court denied the request.  Counsel was allowed to ask the panel two
additional questions.  The trial court
then ended counsel’s voir dire.

            Following the end of his voir dire,
counsel for the Odoms reasserted the motion to enlarge time for voir dire.  Counsel indicated that he had not yet had an
adequate opportunity to question the venire about ten areas of inquiry.  More specifically, counsel stated as follows:

 

We would ask the Court, please for more time to voir
dire and to ask a number of questions, including areas with regard to frivolous
lawsuits and frivolous defenses, tort reform. 
Your Honor, we need to ask these jurors 
. . .  about some of their
businesses that they did not fully answer in their questionnaire.  We need to visit with them about the
controversy regarding caps on damages and punitive damages.  We need to ask their feelings about trial lawyers
in general.  We need to ask them about
their experiences with regard to lawsuits and injuries.

 

The trial court
denied the request.  Counsel did not
present the trial court with the questions he wished to ask.  

            The jury found that Dr. Clark did
not cause the death of Mrs. Odom.  The
trial court entered a take nothing judgment against the Odoms.  The Odoms filed a motion for new trial,
listing their potential areas of inquiry with more specificity.  Following a hearing, the trial court denied
the motion for new trial.  This appeal
followed.

 

Limitation of Voir Dire

            The Odoms contend that the trial
court abused its discretion by unreasonably limiting their voir dire.  Specifically, the Odoms argue that the trial
court’s one hour limitation on their voir dire left them with insufficient time
to develop the information necessary to insure a fair and impartial jury.  Dr. Clark first asserts that the Odoms failed
to preserve this issue for our review.

            Rule 33.1(a) of the Texas Rules of
Appellate Procedure reads as follows:

 

As a prerequisite to presenting a complaint for
appellate review, the record must show that 
. . .  the complaint was made to
the trial court by a timely request, objection, or motion that  . . . 
stated the grounds for the ruling that the complaining party sought from
the trial court with sufficient specificity to make the trial court aware of
the complaint, unless the specific grounds were apparent from the context. . .
. 

 

 

Tex. R. App. P. 33.1(a).  This rule is to ensure that the trial court
has had the opportunity to rule on matters for which parties later seek
appellate review. In re E. Tex. Med. Ctr. Athens, 154 S.W.3d 933,
936 (Tex. App.–Tyler 2005, orig. proceeding). 
In the context of a trial court’s refusal to allow further voir dire
examination, the complaining party must “adequately apprise[] the trial court
of the nature of [its] inquiry.” Hyundai Motor Co. v. Vasquez,
189 S.W.3d 743, 758 (Tex. 2006) (quoting Babcock v. Nw. Mem’l Hosp.,
767 S.W.2d 705, 707 (Tex. 1989)).  

            In some instances, an area of
inquiry may be proper, but not the particular question asked. Vasquez,
189 S.W.3d at 758.  Generally, where
counsel merely states areas of inquiry, but fails to present the trial court
with the specific questions he wishes to ask, the trial court is denied an
opportunity to make a meaningful ruling and error is not preserved. See Caldwell
v. State, 818 S.W.2d 790, 794 (Tex. Crim. App. 1991); see also Vasquez,
189 S.W.3d at 758.  However, there is no
requirement that counsel place specific questions in the record if the nature
of the questions is apparent from the context. Babcock, 767
S.W.2d at 708.  However, “[a] trial court
should not be expected to separate the wheat from the chaff, cull out
potentially valid subject matters from overly broad topic descriptions, and
anticipate the form in which a specific question emanating from a topic will be
asked.” S.D.G. v. State, 936 S.W.2d 371, 380 (Tex. App.–Houston
[14th Dist.] 1996, writ denied) (quoting Godine v. State, 874
S.W.2d 197, 200-01 (Tex. App.–Houston [14th Dist.] 1994, no pet.)).

            Following the end of his voir dire,
counsel for the Odoms reasserted his motion to enlarge time for voir dire.  Counsel indicated that he had not yet had an
adequate opportunity to question the venire about ten additional areas of
inquiry. Counsel did not present the trial court with the questions he wished
to ask. Moreover, the trial court in this case was not timely presented with
any information that would have made the nature of the Odoms’ questions
apparent.[1]  Instead, the trial court was merely informed
of ten broad areas of inquiry.  Because
the Odoms’ potential questions were neither before the trial court nor apparent
from the context in which their areas of inquiry were stated, the Odoms have
failed to preserve their issue for review. See Babcock, 767
S.W.2d at 708. 

            Therefore, we overrule the Odoms’
sole issue.

 

Disposition

We
affirm the trial court’s judgment.

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

Opinion delivered February 9,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)











[1] The Odoms’ motion for new trial provided more detail about their ten
additional areas of inquiry.  However,
their motion does not preserve error because it came too late in the proceeding
to afford the trial court an opportunity to cure the alleged error. See Credille
v. State, 925 S.W.2d 112, 115-16 (Tex. App.–Houston [14th Dist.] 1996,
pet. ref’d).