

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-22-00102-CV

## IN RE THE COMMITMENT OF R.A.F.

---

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2020-1592-2**

---

## MEMORANDUM OPINION

---

A jury found that Robert Fluke is a sexually violent predator, and the trial court ordered Fluke civilly committed pursuant to the Civil Commitment of Sexually Violent Predators Act (the SVP Act).  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003, 841.081. We affirm.

### BACKGROUND

Fluke was convicted in April 2003 for two offenses of aggravated sexual assault and sentenced to twenty years confinement for each offense.  Fluke has been incarcerated since the 2003 convictions.  In May 2020, the State filed a petition alleging that Fluke is a sexually violent predator and requesting that he be committed for treatment and

supervision pursuant to the Sexually Violent Predator Act. At trial, Dr. Antoinette McGarrahan, a forensic psychologist, testified that Fluke suffers from a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence.

## JURY SELECTION

Fluke argues in his first issue that the trial court erred when it allowed the State to ask an improper commitment question. During voir dire the State asked the panel if they would have a problem with an expert witness getting paid. Fluke's attorney objected to the question as an improper commitment question. The trial court overruled the objection. The State again asked the panel if anyone would have a problem with a witness getting paid and would not be able to listen to that witness. Fluke's attorney again objected to the question. At that time there was a medical emergency, and the trial court took a recess. There was no answer to the State's question on a witness receiving payment.

When voir dire resumed, the State asked another question unrelated to paying a witness. The State did not ask any further questions on paying a witness. The State then attempted to wind up its voir dire and asked if there was any question the panel wished had been asked. Venireperson thirty-eight then asked "I think you had brought up a point in regards to compensation for expert witnesses. … So are we dropping that from there or no?' Fluke's attorney again objected to the question, and the trial court overruled the objection. The State then asked:

So I'm not asking, you know, if that's part of evidence that you would listen to. But my question goes to the credibility of the witness. If someone is paid for their time in testifying, is that gonna (sic) affect your ability to listen to that witness or are you gonna (sic) weigh that against their credibility?

Venireperson thirty-eight responded "Not at all. I think a fair wage for a fair service – is fine. I thought you asked for extraordinary amounts of money." The State then asked, "So can we all agree that if you are employed, you hope to be paid for your time? Can we all agree with that?" The venireperson responded "yes." The State then followed up and said, "If there's anyone who would hold it against a witness or would not even listen to their testimony based on payment, now is a really good time to let me know." There was no reply.

An attorney cannot attempt to bind or commit a prospective juror to a verdict based on a hypothetical set of facts. *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). Commitment questions are those that commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact. *Id*.

The jury had to determine whether Fluke is a sexually violent predator. The State's question does not ask the prospective juror to resolve or refrain from resolving that issue or any other issue. The question concerns the expert witness's credibility. The question seeks to determine if any jurors would be biased against an expert witness who received payment for testifying. Litigants may question potential jurors on voir dire to detect potential bias and either challenge for cause or exercise peremptory challenges. *See Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 375 (Tex. 2000); *Babcock v. Northwest*

In re The Commitment of R.A.F.

*Memorial Hospital.*, 767 S.W.2d 705, 708-09 (Tex. 1989). We do not find that the State's question was a commitment question. We overrule the first issue.

### UNADJUDICATED OFFENSES

In the second issue, Fluke complains that the trial court erred in allowing the State to admit as evidence unadjudicated sexual assault allegations. We review the trial court's evidentiary rulings for an abuse of discretion. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

At trial, the State questioned Dr. Antoinette McGarrahan about Fluke's sexual offenses. Fluke objected to the testimony, and the objection was overruled. The trial court granted Fluke's request for a running objection and a limiting instruction pursuant to Rule of Evidence 705 (d).

Dr. McGarrahan testified that the first allegation of Fluke sexually offending someone occurred when he was fifteen years-old. He was accused of fondling his two cousins who were nine and ten years-old at the time. Dr. McGarrahan then testified that Fluke's sister alleged that Fluke raped her and that he possibly drugged her prior to raping her. Dr. McGarrahan further testified that there were four allegations that Fluke committed sexual offenses against other inmates while in the Texas prison system.

Fluke argues that the evidence of the unadjudicated sexual assault allegations should have been excluded because the probative value of the evidence was outweighed by the danger of unfair prejudice. Rule of Evidence 705(d) regarding expert testimony

states that "[i]f the underlying facts or data would otherwise be inadmissible, the proponent of [an expert] opinion may not disclose them to the jury if their probative value in helping the jury evaluate the opinion is outweighed by their prejudicial effect." TEX. R. EVID. 705(d). Rule of Evidence 403 further provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.

Factors considered when applying the Rule 403 balancing test "include the probative value of the evidence, the potential of the evidence to impress the jury in some irrational way, the time needed to develop the evidence, and the proponent's need for the evidence." *In re Commitment of Stuteville*, 463 S.W.3d 543, 555 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (quoting *In re Commitment of Anderson*, 392 S.W.3d 878, 882 (Tex. App.—Beaumont 2013, pet. denied)).

The State was required to prove that Fluke is a sexually violent predator. Under the SVP Act, a person is a sexually violent predator if the person "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE ANN. § 841.003(a). Regarding the first element, a person is a repeat sexually violent offender if, as relevant here, the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses. *Id.* § 841.003(b). Regarding the second

element, a "behavioral abnormality" is defined as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2). A "predatory act" is defined as "an act directed toward individuals, including family members, for the primary purpose of victimization." *Id.* § 841.002(5).

Evidence about the accused's past sexual offenses, both adjudicated and unadjudicated, assists in demonstrating whether the accused has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence—the ultimate issue that the jury must determine in an SVP Act case. *See In re Commitment of Miller*, 262 S.W.3d 877, 894 (Tex. App.—Beaumont 2008, pet. denied). Dr. McGarrahan testified that she relied on the unadjudicated allegations in forming her opinion that Fluke suffers from a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence. The evidence about the unadjudicated offenses had probative value and assisted the jury in understanding Dr. McGarrahan's opinion that Fluke suffers from a behavioral abnormality. *See In re Commitment of Stuteville*, 463 S.W.3d at 556.

To deter Dr. McGarrahan's testimony about the unadjudicated allegations from impressing the jury in an irrational way, the trial court gave a limiting instruction to the jury at the time of Dr. McGarrahan's testimony. Further, the jury also received a limiting

instruction in the charge. The State noted during Dr. McGarrahan's testimony that Fluke had not been convicted based upon any of the allegations.

Dr. McGarrahan was the only witness to testify about Fluke's behavioral abnormality. Her testimony was necessary to the jury's ultimate determination on whether Fluke is a sexually violent predator. The trial court did not abuse its discretion in allowing the State to admit as evidence unadjudicated sexual assault allegations. We overrule the second issue.

## CONCLUSION

We affirm the trial court's judgment.

STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Smith, and
  Justice Rose[1]
Affirmed
Opinion delivered and filed November 30, 2022
[CV06]



---

[1] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.