### In re COMMITMENT OF Seth HILL, Petitioner.

No. 10–0280.

Supreme Court of Texas.

March 11, 2011.

228

George W. Lang II, Nelda F. Williams, State Counsel for Offenders, Ann Gray Landeros, TDCJ-State Counsel for Offenders, Huntsville, Kyle A. Pinkerton, Williams & Byrd, Lufkin, Randall Bernard Miller, Arlington, for Petitioner.

Melinda Fletcher, Special Prosecution Unit, Amarillo, Heather White Britten, Special Prosecution Unit-Civil Div., Holly Hagaman Haynes, Cara Michele Evans, Special Prosecution Unit, Civil Division, Huntsville, for Respondent.

PER CURIAM.

A party selecting jurors for trial must be given latitude to intelligently use its peremptory challenges to seat a jury that, to the greatest extent possible, is free from bias. Here, because the trial court refused to allow two permissible lines of questioning, we reverse the court of appeals' judgment upholding the trial court's ruling and remand this case for a new trial.

This is an appeal from a civil commitment proceeding in which a jury found Seth Hill to be a sexually violent predator. *See* Tex. Health & Safety Code ch. 841 (providing for the civil commitment of certain violent sexual offenders). The State had the burden to prove that Hill (1) was a "repeat sexually violent offender" and (2) "suffer[ed] from a behavioral abnormality" that made him "likely to engage in a predatory act of sexual violence." *Id.* § 841.003. As such, much of Hill's trial focused on his sexual history, which formed the basis for the State's expert witness's conclusion that Hill suffered from a behavioral abnormality. During its pretrial deposition of Hill, the State explored Hill's sexual activity with other inmates in an all-male facility. In the deposition, Hill admitted to these acts. The State's expert testified at trial that "if somebody has heterosexual preferences and then they later begin practicing homosexual acts, it infers that there is an instability within their personality which again, is more evidence of why I diagnosed [Hill] with a personality disorder."

During voir dire, Hill's attorney inquired, without objection, whether potential jurors could be fair to a person they believed to be a homosexual. Several stated that they would not be able to give a fair trial to such a person. The court then instructed Hill's attorney to terminate that line of questioning. When Hill's attorney attempted several more times to raise the issue, the trial court directed him not to ask a direct question about Hill's homosexuality. Subsequently, the court stated that further questions would have to be submitted in advance.

Hill's attorney then attempted to ask the panel whether, if the State proved that Hill had committed two or more violent sexual offenses, the potential jurors would convict Hill based on that evidence alone or would also require the State to prove the statute's second element—that Hill had a behavioral abnormality predisposing him to commit such acts. The State objected to this line of questioning, calling Hill's questions improper commitment questions, and the court sustained the objection. When Hill's attorney attempted to rephrase his question, he was again told that the question was prohibited. After the jury returned its verdict that Hill met the statutory criteria, the trial court signed a judgment, and the court of appeals affirmed. 308 S.W.3d 465, 485.

█ Litigants have the right to question potential jurors to discover biases and to properly use peremptory challenges. *See Hyundai Motor Co. v. Vasquez,* 189 S.W.3d 743, 749–50 (Tex.2006). This right is "constrained by reasonable trial court

control." *Id.* at 750. Thus, refusals to allow lines of questioning during voir dire are reviewed under an abuse of discretion standard. *Id.* at 753–54. However, the proper discretion inquiry turns on the propriety of the question: "a court abuses its discretion when its denial of the right to ask a proper question prevents determination of whether grounds exist to challenge for cause or denies intelligent use of peremptory challenges." *Babcock v. Nw. Mem'l Hosp.*, 767 S.W.2d 705, 709 (Tex. 1989). A party preserves error by a timely request that makes clear—by words or context—the grounds for the request and by obtaining a ruling on that request, whether express or implicit. TEX. R. APP. P. 33.1. Thus, in *Babcock*, we held that a party preserved error by asking a specific and proper question, stating the basis on which it sought to ask that question, and obtaining an adverse ruling from the trial court. 767 S.W.2d at 708.

Hill's sexual history was part of the State's proof of his alleged behavioral abnormality, yet the trial court refused questioning that went to the potential jurors' ability to give him a fair trial. This prevented Hill from discovering the potential jurors' biases so as to strike them for cause or intelligently use peremptory challenges. *See* TEX. GOV'T CODE § 62.105(4) (naming "bias or prejudice . . . against a party in [a] case" as grounds for disqualifying a juror).

*Babcock* was a medical malpractice case in which the plaintiff attempted to ask the venire panel whether the "liability insurance crisis" recently in the news had resulted in improper bias in any of the jurors. *Babcock*, 767 S.W.2d at 706–07. The trial court repeatedly denied requests to ask such questions. *Id.* at 707–08. We held that, while the facts of the lawsuit crisis would not be evidence at trial, the media coverage surrounding the crisis "ha[d] unquestionably created the potential for bias and prejudice," and, therefore, the plaintiff should have been permitted to ask questions delving into that potential bias. *Id.* at 708. We further held that the trial court abused its discretion by forbidding those questions, and error was preserved. *Id.* at 709. We reversed and remanded for a new trial. *Id.*

The court of appeals did not reach the abuse of discretion issue because it held that Hill failed to preserve error. 308 S.W.3d at 471. However, the questions Hill asked were proper, and there was no need for him to rephrase because there were no defects for him to cure. Moreover, he made clear why he was entitled to ask the requested questions. The court instead ordered him to ask a question that did not address the issue of juror bias and then directed him to "move on" without asking any further questions on the topic. But the candid admissions of bias by the potential jurors, before the trial court suspended that line of questioning, establish both the propriety of the question and the trial court's abuse in denying Hill the right to ask it. As such, error was preserved. *Babcock*, 767 S.W.2d at 708; *Vasquez*, 189 S.W.3d at 758 (holding that a trial court "may not foreclose a proper line of questioning" where "the actual questions posed are proper").

██ The trial court rejected the second line of inquiry as improper commitment questions. This ruling was incorrect, however, because the "commitment" that the potential jurors were asked to make was legislatively mandated: they were asked whether they would require the state to prove both elements of a conjunctive statute. *See* TEX. HEALTH & SAFETY CODE § 841.003. Jurors swear an oath to render "a true verdict . . . according to the law . . . and to the evidence." TEX.R. CIV. P. 236. Implicit in that oath is a commit-

ment to follow the law the Legislature enacted, and a party participating in jury selection may solicit from potential jurors that promise, essential to the empaneling of a fair jury. *See, e.g., Wainwright v. Witt,* 469 U.S. 412, 419–20, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985) (recognizing, in a criminal case, that jurors may be asked to commit to follow law and statute); *see also Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 630, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) ("Civil juries, no less than their criminal counterparts, must follow the law and act as impartial factfinders."). The trial court thus abused its discretion by refusing to permit the line of questioning. Hill preserved error by asking a proper question and receiving a direct ruling rejecting it. *See Vasquez,* 189 S.W.3d at 758 (to preserve error, a party must "adequately apprise the trial court of the nature of the inquiry" (quotations omitted)); *Babcock,* 767 S.W.2d at 708 (holding that a refusal to allow a question is an implicit ruling on a request to ask that question).

The trial court abused its discretion in rejecting these two lines of permissible questioning. Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and remand the case to the trial court for a new trial. TEX.R.APP. P. 59.1, 60.2(d).