In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00177-CV
_____

IN RE COMMITMENT OF TOMMY QUAY EUSTACE

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-06-06638 CV**
_____

**MEMORANDUM OPINION**

Tommy Quay Eustace appeals from a judgment in a civil proceeding resulting in his commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). In three issues, Eustace contends that (1) the State's petition for commitment is barred by limitations; (2) during voir dire, his attorney was entitled to ask the venire a question that he characterizes as proper; and (3) he was entitled to a mistrial when the trial court made a statement during trial that he characterizes as one that

1

impugned his counsel's credibility. Because the trial court did not commit reversible error, we affirm the trial court's judgment.

## Limitations

Eustace contends the suit is barred by limitations because the State filed its petition more than ninety days after the multidisciplinary team referred the matter to the Special Prosecution Unit. In response, the State argues that Eustace failed to preserve his issue on limitations for appellate review.

The State filed its petition on June 19, 2012. Eustace's original answer, his live pleading at the time of his trial, does not assert that the State's petition was barred by limitations. The trial court's docket order required the parties to file dispositive motions or pleas, including summary judgment motions, and have them heard by oral hearing or submission by December 26, 2012. On January 3, 2013, Eustace filed a motion for summary judgment, and his motion asserts that the State's petition is barred by limitations. According to Eustace's motion for summary judgment, the civil commitment proceeding is barred by section 841.041(b)(1) of the Texas Health and Safety Code because the civil commitment proceeding was filed ninety-one days after the multidisciplinary team referred his case to the Special Prosecution Unit. *See* Tex. Health & Safety Code Ann. 841.041(b)(1).

Before the trial began, Eustace did not obtain a ruling on his motion for summary judgment. Additionally, Eustace omitted the multidisciplinary team's letter of referral from his exhibit list, and he did not mention his motion for summary judgment or his proposed limitations defense when the trial court conducted the pre-trial hearing in his case. Eustace also did not include a question relevant to the issue of limitations in his proposed charge.

The record also does not suggest that Eustace's theory of limitations was an issue the parties tried by consent. During the redirect examination of his testifying psychologist, Dr. Roger Saunders, Eustace asked, "Now, Dr. Saunders, you're aware 841.041(b)(1) sets out some timelines as far as when the petition for one of these can be filed, correct?" Dr. Saunders replied, "Yes." When counsel followed up by asking, "And you're aware that that petition has to be filed within 90 days when--[,]" the State objected that the question was not relevant. The trial court, mentioning that a limitations defense was not included in the proposed jury charge, sustained the objection.

After both sides rested, Eustace made an informal bill of exceptions. During Eustace's bill, Dr. Saunders stated that section 841.041(b)(1) of the Texas Health and Safety Code requires the State to file the petition ninety days from the date the matter is referred to it by the multidisciplinary team. Dr. Saunders agreed that the

3

multidisciplinary team's referral letter is dated March 20, 2012, and that based on the date of the letter, it appeared the State's petition was untimely.

During the hearing on Eustace's bill, counsel for the State objected that Eustace had not given it a copy of his motion for summary judgment and suggested that section 841.041(b)(1) did not operate as a statute of limitations. Counsel for the State also noted that SVP commitment cases are referred to the Special Prosecution Unit by the Texas Department of Criminal Justice, not the multidisciplinary team.

A trial by consent may occur when the record reflects the trial court admitted evidence without objections having been made to it on issues that were not pleaded. "When both parties present evidence on an issue and the issue is developed during trial without objection, any defects in the pleadings are cured at trial, and the defects are waived." *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009). In this case, the record reflects that the issue of limitations was not tried by consent; instead, the State objected at the earliest opportunity when Eustace attempted to introduce evidence that he contends was relevant to his theory on limitations. Consequently, the evidence arguably relevant to Eustace's theory of limitations was not presented to the jury, and no questions relevant to limitations were included in the charge the trial court submitted to the jury.

4

Because Eustace failed to plead limitations and his defense was not tried by consent, we conclude that he failed to preserve issue one for appellate review. *See* Tex. R. App. P. 33.1(a). We express no opinion regarding Eustace's theory that the Legislature intended section 841.041(b)(1) of the Texas Health and Safety Code to operate as a statute of limitations. Issue one is overruled.

Voir Dire

Generally, subject to reasonable trial court control, litigants are allowed to question potential jurors during voir dire to discover whether any of the jurors are biased and to obtain information relevant to determining which jurors to strike. *In re Commitment of Hill*, 334 S.W.3d 226, 228-29 (Tex. 2011). A trial court can abuse its discretion in controlling voir dire if it denies a party the right to ask a proper question during voir dire and thereby prevents a party from determining whether grounds exist to exercise a challenge for cause or prevents a party from intelligently using its peremptory challenges. *Id.* at 229.

Eustace contends the trial court abused its discretion by failing to follow the guiding rules and principles relevant to voir dire expressed in *Hill* and in another civil commitment case, *In re Commitment of Miller*, No. 09-11-00450-CV, 2012 WL 3031160, at *1 (Tex. App.—Beaumont July 26, 2012, pet. denied) (mem. op.). In *Miller*, we held the trial court abused its discretion when it disallowed the

5

questions, "'Can you set aside any bias if you find there's an offense against a child? Can you listen to all the evidence and follow the law?'" and "'Is anyone unable to hear topics about children? Can you listen to the evidence and follow the law?'" *Id*. at \*\*1-2.

Eustace contends the question he wanted to ask the venire is similar to the questions that were at issue in *Miller*. We disagree. During voir dire in Eustace's case, the trial court refused to allow counsel for Eustace to ask the question: "If you hear an individual is committed -- has committed a sex offense against a child on this first row here, who here -- who here thinks that that would create bias for them?" The State objected to the question, stating that "it is improper to ask a panelist if someone can be fair to a party who's previously committed or was convicted for crimes against children." *See In re Commitment of Barbee*, 192 S.W.3d 835, 846 (Tex. App.—Beaumont 2006, no pet.) (concluding that the trial court may, in its discretion, refuse to allow questions that seek to determine the weight to be given a particular fact). After counsel refused the trial court's request that the question be rephrased, the trial court sustained the State's objection.

The State argues that the question counsel desired to ask in Eustace's case would have allowed Eustace's attorney to gauge the potential jurors' reactions to a fact that would later be proven at trial—that Eustace had been convicted of a crime

6

against a child. The State contends that by obtaining the reactions of the individuals on the venire to that information, Eustace's counsel sought to evaluate the weight that individuals on the venire might place on evidence the State would later present to establish that Eustace should be committed.

Eustace contends that the question at issue is "semantically identical" to the questions that we found proper in *Miller. See Miller*, 2012 WL 3031160, at *1. The questions at issue in *Miller* sought to determine whether the members of the venire could set aside any bias toward a person who had committed an offense against a child and to determine whether the venire could follow the law. The question at issue in Eustace's case does not mention setting aside bias, nor does it seek to determine whether the members of the venire would follow the law. In evaluating whether the question at issue was appropriate, the trial court could reasonably view the question as one aimed at gauging how potential jurors would react to an isolated fact that would later be presented in the case during the trial. In contrast, the questions posed to the venire in *Miller* were designed to determine whether the potential jurors could be challenged for cause based on an inability to follow the law.

The trial court has the discretion to refuse to allow a question that seeks to determine the weight to be given a particular fact. *Hyundai Motor Co. v. Vasquez*,

7

189 S.W.3d 743, 753 (Tex. 2006).[1] In Eustace's case, the trial court could reasonably conclude that the question at issue sought to determine the weight that members of the venire might give to relevant evidence admitted during Eustace's trial. *See id.* at 755. Because the question was designed to preview the evidence, and was not designed to determine if jurors could follow the law, the trial court had the discretion to disallow it. We overrule issue two.

## Motion for Mistrial

In issue three, Eustace contends that in ruling on a discovery dispute the trial court made remarks, in the jury's presence, that reflected unfavorably on his counsel's credibility. He contends the remarks were prejudicial and required the trial court to grant his motion for mistrial. We review the trial court's ruling on a motion for mistrial for abuse of discretion. *In re Commitment of Hill*, No. 09-11-00593-CV, 2013 WL 772834, at *12 (Tex. App.—Beaumont Feb. 28, 2013, pet. denied) (mem. op.).

---

[1]In Eustace's case, the trial court did not foreclose all inquiry on a relevant topic. *See Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 758 (Tex. 2006). Counsel asked several questions about pedophilia including: "If somebody is diagnosed as a pedophile, given that diagnosis . . . would you be able to set aside any bias and listen to all the evidence and follow the law?" Counsel then asked "If an individual is diagnosed as a pedophile, I guess the first question is: Do you think that that would create a bias within you if you hear somebody is diagnosed as a pedophile?" A significant number of venire members responded to this series of questions. These questions were designed to reveal the potential jurors' attitudes about sexual offenses involving children.

The trial court made the comments at issue during the course of ruling on whether Eustace's expert psychologist, Dr. Saunders, should be allowed to discuss documents that he had reviewed but that had not been disclosed by Eustace during discovery. The attorneys and the court, while still in the presence of the jury, discussed the reasons the documents had not been disclosed but did not resolve the dispute. When it was clear to the trial court that resolving the matter required even more discussion, the trial court sent the jury out. After discussing the dispute further outside the jury's presence, the trial court announced that it had decided to overrule the State's objection.

When the jury returned, the trial court announced its ruling, stating: "I'm going to overrule the Petitioner's objections to the documents that [counsel] is going to present to this witness and let him proceed with it. I have some grave doubts as to whether or not there was adequate disclosure in pretrial discovery." The trial court added, "I would rather err on the side of giving you evidence and letting you weigh it and decide what weight to be given to it rather than keep it out." At that point, Eustace's counsel moved for a mistrial, stating: "I think that your statements seem to reflect on my credibility." After denying Eustace's motion for mistrial, the trial court, without a request to do so, stated: "If, Ladies and

9

Gentlemen of the Jury, I have somehow impugned the integrity of [Eustace's counsel], that surely was not my intention."

Eustace complains that the trial court failed to cure the prejudice that it created by its comment and that its comment about what it intended reinforced the trial court's criticism of counsel. He further argues that the statement regarding the trial court's intent did not explicitly instruct the jury to disregard the earlier comment regarding the adequacy of Eustace's disclosures in discovery.

The trial court's remark that it did not intend to impugn counsel's integrity addressed the complaint that Eustace made during the trial that the comment adversely affected his counsel's credibility. Eustace neither requested an instruction to disregard the comment nor did he ask for a more explicit instruction. Given the trial court's effort to cure any possible complaint created by the trial court's comments which inferred that Eustace had not adequately met his pretrial discovery obligations, and in light of Eustace's failure to ask for a more explicit instruction regarding the comments, we conclude that the comments at issue were not so critical of counsel's conduct that the jury failed to appropriately consider Dr. Saunders's testimony. *See Hill*, 2013 WL 772834, at *12. Because the trial court did not abuse its discretion by denying Eustace's motion for mistrial, we overrule issue three.

10

Having overruled each of Eustace's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 21, 2013
Opinion Delivered January 23, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

11