**Opinion filed December 13, 2018**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00015-CV

_____

## IN RE COMMITMENT OF RANDAL EUGENE PORTER

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C47557**

## M E M O R A N D U M   O P I N I O N

In this appeal from a civil commitment under Chapter 841 of the Texas Health and Safety Code, the jury found beyond a reasonable doubt that Randal Eugene Porter, Appellant, is a "sexually violent predator" as defined in the statute. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003, .062 (West 2017). Based upon the jury's affirmative finding, the trial court entered a final judgment and order of commitment requiring Appellant to be civilly committed for treatment and supervision upon his release from a secure correctional facility. *See id.* § 841.081 (West 2017), § 841.082 (West Supp. 2018). On appeal, Appellant presents three issues in which he challenges (1) the trial court's prohibition of a certain line of questioning during voir

dire, (2) an evidentiary ruling related to the admission of an exhibit into evidence, and (3) the legal and factual sufficiency of the evidence to support the jury's finding. We reverse and remand.

*Limitation of Voir Dire*

In his first issue, Appellant argues that the trial court erred when it prohibited him from asking voir dire questions regarding bestiality. Appellant specifically complains that he was not allowed to ask the potential jurors if hearing the details of sexual acts with animals would affect their "ability to consider this case objectively and follow the instructions of the Court in order to issue a fair and impartial decision."

To preserve error related to the trial court's denial of such a right, the party must make a timely request that makes clear—by words or context—the grounds for the request and obtain a ruling on that request, whether express or implicit. *In re Commitment of Hill*, 334 S.W.3d 226, 229 (Tex. 2011) (citing TEX. R. APP. P. 33.1). Here, the topic was first addressed and ruled on as a ground in the State's motion in limine, which preserved nothing for appellate review. However, immediately prior to voir dire, Appellant asked for clarification on questions for jury selection. The trial court stated, "Okay. So you can't get into bestiality." After the general voir dire questioning but before any challenges for cause were made, Appellant informed the trial court:

> And for the record, these were the questions on bestiality that we wanted to address with the venire panel. And it was simply the same questions along the lines: Is there anyone who would be uncomfortable discussing or listening to sexual acts with animals?
>
> And if so, will hearing such details affect your ability to consider this case objectively and follow the instructions of the Court in order to issue a fair and impartial decision?

2

The trial court responded, "Okay," and "All right. Thank you." We cannot hold under these circumstances that Appellant failed to preserve this issue for review. Thus, we will address the merits of Appellant's issue.

Parties to a jury trial have the right to question potential jurors to discover biases and to properly use peremptory challenges. *Id.* at 228. We review a trial court's refusal "to allow lines of questioning during voir dire . . . under an abuse of discretion standard." *Id.* at 229 (citing *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, at 753–54 (Tex. 2006)). A trial court abuses its discretion "when its denial of the right to ask a proper question prevents determination of whether grounds exist to challenge for cause or denies intelligent use of peremptory challenges." *Id.* (quoting *Babcock v. Nw. Mem'l Hosp.*, 767 S.W.2d 705, 709 (Tex. 1989)).

In *Commitment of Hill*, which was also an appeal from a civil commitment under Chapter 841 of the Texas Health and Safety Code, the Texas Supreme Court addressed an issue very similar to the one posed in this case. Hill sought to ask questions during voir dire about his homosexuality, and the trial court prohibited him from doing so. The supreme court stated:

> Hill's sexual history was part of the State's proof of his alleged behavioral abnormality, yet the trial court refused questioning that went to the potential jurors' ability to give him a fair trial. This prevented Hill from discovering the potential jurors' biases so as to strike them for cause or intelligently use peremptory challenges. *See* TEX. GOV'T CODE § 62.105(4) (naming "bias or prejudice . . . against a party in [a] case" as grounds for disqualifying a juror).

*Commitment of Hill*, 334 S.W.3d at 229; *accord In re Commitment of Kalati*, 370 S.W.3d 435, 440–41 (Tex. App.—Beaumont 2012, pet. denied) (following *Commitment of Hill* and reaching the same result where the attempted line of voir dire questioning involved pedophilia).

The State suggests that the trial court did not abuse its discretion when it prohibited Appellant from asking questions about bestiality because "[w]hether a

person can control his sexual urges around animals does not necessarily indicate whether he can control his sexual urges around people. It is the sexual urges as they relate to persons, and only as they relate to persons, that are at issue in any sexually violent predator case." We do not believe that we can distinguish the supreme court's reasoning in *Commitment of Hill* on this basis. Bestiality was part of Appellant's sexual history that was considered by the expert witnesses and addressed during the trial. Consequently, we are constrained to follow *Commitment of Hill* and hold that the trial court abused its discretion when it prohibited Appellant from asking appropriate questions regarding bestiality. *See Commitment of Hill*, 334 S.W.3d at 229; *see also Commitment of Kalati*, 370 S.W.3d at 441. Such an error is harmful error. *Commitment of Kalati*, 370 S.W.3d at 441; *see Commitment of Hill*, 334 S.W.3d at 230 (reversing and remanding for a new trial). We sustain Appellant's first issue on appeal.

*Remaining Issues*

Because this court's ruling on Appellant's first issue necessitates that we remand the cause for a new trial, we need not reach the merits of Appellant's second and third issues. We note that Appellant does not ask this court to render judgment in his favor; we also note that Appellant's challenge to the legal sufficiency of the evidence was preserved only by way of a motion for new trial. Rendition of judgment in Appellant's favor would therefore be inappropriate even if we were to sustain his legal sufficiency challenge. *See Horrocks v. Tex. Dep't of Transp.*, 852 S.W.2d 498, 498–99 (Tex. 1993); *In re Commitment of Short*, 521 S.W.3d 908, 910 (Tex. App.—Fort Worth 2017, no pet.); *see also Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985) ("No evidence points must be preserved through one of the following procedural steps in the trial court: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard

4

the jury's answer to a vital fact issue; or, (5) a motion for new trial.").[1]  Because a ruling in Appellant's favor on either of his remaining issues would not entitle Appellant to more favorable relief, those issues are not dispositive of this appeal and need not be addressed in this opinion.  *See* TEX. R. APP. P. 47.1.

*This Court's Ruling*

We reverse the trial court's judgment and order of civil commitment, and we remand the cause to the trial court for a new trial.


JOHN M. BAILEY
CHIEF JUSTICE


December 13, 2018

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[2];
and Wright, S.C.J.[3]

Willson, J., not participating.

---

[1]A provision in Chapter 841 provides: "Except as otherwise provided by this subsection, *a civil commitment proceeding is subject to the rules of procedure and appeal for civil cases*.  To the extent of any conflict between this chapter and the rules of procedure and appeal for civil cases, this chapter controls." HEALTH & SAFETY § 841.146(b) (emphasis added).

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.