

# IN THE
# TENTH COURT OF APPEALS

**No. 10-21-00027-CV**
**No. 10-20-00263-CV**

## IN THE INTEREST OF T.B., AN ADULT

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 16-03580-CRF-272**

## MEMORANDUM OPINION

T.B. appeals from the trial court's Amended Order of Civil Commitment: Charges Pending (Mental Illness) Under Article 46B, wherein he was directed to receive in-patient mental health treatment for one year, and from the trial court's Second Amended Order of Civil Commitment: Charges Pending (Mental Illness) Under Article 46B.102, wherein T.B.'s commitment was extended to one year from the date of his *placement* into a mental health facility. Because the trial court had no jurisdiction to render the Second Amended Order, that order is reversed and judgment is rendered that the order is void. Further, because T.B.'s issues regarding voir dire and the sufficiency of the evidence were not preserved, the Amended Order is affirmed.

**BACKGROUND**

T.B. was indicted for the felony offense of stalking. *See* Tex. Penal Code § 42.072. In 2018, the trial court found T.B. to be incompetent to stand trial and ordered T.B. committed for restoration to competency. In 2019, because the felony charge was still pending, a civil commitment jury trial was held, and based on the jury's findings, the trial court ordered extended mental health services for T.B. This Court affirmed that order. *See In the Interest of T.B.*, 594 S.W.3d 773 (Tex. App.—Waco 2019, no pet.).

Because T.B. was committed in a civil proceeding, his status must be reviewed annually. *See* Tex. Health & Safety Code § 574.035(h) ("An order for extended inpatient mental health services must provide for a period of treatment not to exceed 12 months."). In his annual review, in a jury trial held in September 2020 (during the COVID-19 pandemic), T.B. was again civilly committed pursuant to the trial court's Amended Order of Civil Commitment: Charges Pending (Mental Illness) Under Article 46b.102. The appeal of that order is docketed as 10-20-00263-CV and will be referred to as the 2020 appeal.

During the pendency of the 2020 appeal, the trial court signed a Second Amended Order of Civil Commitment: Charges Pending (Mental Illness) Under Article 46b.102. The appeal of that order is docketed as 10-21-00027-CV and will be referred to as the 2021 appeal.

**The 2021 Appeal—10-21-00027-CV**

In his first two issues, T.B. complains that the trial court had no jurisdiction to render the Second Amended Order, making the order void; and if it did, it erred in

rendering an order which extends T.B.'s commitment beyond the statutory limits. In its reply, the State admits the trial court's Second Amended Order is void because it was rendered outside the trial court's plenary power. After reviewing the record, we agree that the Second Amended Order is void. T.B.'s first issue is sustained. Further, because the trial court's Second Amended Order is void, we have no jurisdiction to address T.B.'s second, third, fourth, and fifth issues as they pertain to the Second Amended Order.

## CONCLUSION—10-21-00027-CV

Accordingly, we reverse the trial court's Second Amended Order of Civil Commitment: Charges Pending (Mental Illness) Under Article 46b.102, signed on February 1, 2021, and render judgment that the order is void.

## THE 2020 APPEAL—10-20-00263-CV

T.B. submits three issues regarding the 2020 appeal: that the trial court erred in limiting his voir dire and that the evidence supporting the Amended Order is both legally and factually insufficient.

### *Voir Dire*

In his third issue, T.B. complains the trial court erroneously prevented T.B. from asking the jury panel questions necessary to intelligently exercise his peremptory challenges. Specifically, T.B. complains about the following occurring at the end of his counsel's voir dire examination:

> COUNSEL: The last area to cover, obviously y'all seen [T.B.]. He's elected not to wear the street clothes that the county allows us to provide for him

instead of his jail clothes. You've also seen him here in the courtroom.[1]

Is anybody, because of what you have already seen or heard or experienced with [T.B.], already feel like you would be somehow biased or influenced in the case, not be able to be fair and impartial to both me and State?

(Hands are raised.)

STATE:  Judge, can we approach?

TRIAL COURT:  I'm going to sustain the objection to that.

T.B. contends that counsel had asked a proper question and that a court abuses its discretion when it denies a proper question which prevents the intelligent use of a peremptory challenge.  *See In re Commitment of Hill*, 334 S.W.3d 226, 229 (Tex. 2011).

A party preserves error by a timely request that makes clear—by words or context—the grounds for the request and by obtaining a ruling on that request, whether express or implicit.  TEX. R. APP. P. 33.1; *In the Interest of T.B.*, 594 S.W.3d 773, 779 (Tex. App.—Waco 2019, no pet.). Thus, a party can preserve error in voir dire by asking a specific and proper question, stating the basis on which it sought to ask that question, and obtaining an adverse ruling from the trial court.  *Id.*; *see Babcock*, 767 S.W.2d at 708. This did not happen here.

After the trial court sustained the State's implied "objection," T.B's counsel did not pursue his complaint any further.  Counsel did not state on what basis he wanted to ask the question.  Instead, counsel wrapped up his voir dire examination, and the trial court

---

[1] T.B. had been removed from the courtroom at least twice for talking, sometimes unintelligibly, to the jury panel, moving toward the panel, and talking over his counsel when he had specifically been admonished not to do so

excused the panel so that the parties could make their challenges for cause and peremptory strikes. After the jury left the courtroom, the trial court asked counsel if he understood why he sustained the State's objection without hearing the reasoning for it. When counsel stated that he vaguely remembered from the last trial, the court explained its action. Counsel agreed with the court.

Accordingly, T.B's third issue is not preserved for our review and is overruled.

*Sufficiency of the Evidence*

In his fourth and fifth issues, T.B. contends the evidence is legally and factually insufficient to support the renewed order for civil commitment—the Amended Order.

The renewal of an order of extended mental health services is governed by section 574.066 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE § 574.066. A court may not renew an order unless the court or jury finds by clear and convincing evidence that the patient meets the criteria for extended mental health services under Sections 574.035(a)(1), (2), and (3). *Id*. (f); § 574.035(a). A renewed order authorizes treatment for not more than 12 months. *Id*. at § 574.066(f).

T.B.'s case was tried before a jury. In a civil jury trial, a legal sufficiency issue must be preserved through one of the following procedural steps in the trial court: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 220-21 (Tex. 1992); *Salinas v. Fort Worth Cab & Baggage Co.*, 725 S.W.2d 701, 704 (Tex. 1987); *In the Interest of J.C.*, 582 S.W.3d 497, 500 (Tex. App.—Waco

2018, no pet.).  Further, to complain about the factual sufficiency of the evidence to support a jury finding, a party must file a motion for new trial.  *See* TEX. R. CIV. P. 324(b); *In the Interest of J.C.*, 582 S.W.3d at 500 (Tex. App.—Waco 2018, no pet.).  A review of the record reveals that T.B. did not take any of the procedural steps necessary to advance either his legal or factual sufficiency challenges for appellate review.  Thus, T.B.'s arguments regarding the sufficiency of the evidence to support the Amended Order are not preserved.  *In the Interest of J.C.*, 582 S.W.3d 497, 500-01 (Tex. App.—Waco 2018, no pet.).

T.B.'s third and fourth issues are overruled.

### CONCLUSION—10-20-00263-CV

Accordingly, the trial court's Amended Order of Civil Commitment: Charges Pending (Mental Illness) Under Article 46b.102, signed on September 17, 2020 is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
Reversed and rendered
Affirmed
Opinion delivered and filed May 28, 2021
[CVO6]

