**REVERSED AND REMANDED and Opinion Filed November 8, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00868-CV**

**IN RE: THE COMMITMENT OF KENDRICK DEVONE REVELS**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV-20-70007**

## MEMORANDUM OPINION

Before Justice Molberg, Justice Partida-Kipness, and Justice Carlyle
Opinion by Justice Carlyle

A jury determined appellant Kendrick Devone Revels is a sexually violent predator. On appeal, he argues that the trial court prohibited him from asking a proper voir dire question. We reverse in this "brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it." *See* TEX. R. APP. P. 47.4.

The Texas Civil Commitment of Sexually Violent Predators Act (SVP Act) provides for the civil commitment of sexually violent predators based on legislative findings that "a small but extremely dangerous group of sexually violent predators exists and that those predators have a behavioral abnormality that is not amenable to

traditional mental illness treatment modalities and that makes the predators likely to engage in repeated predatory actions of sexual violence." TEX. HEALTH & SAFETY CODE § 841.001.

The SVP Act requires the State to prove beyond a reasonable doubt that a person is a sexually violent predator. *Id*. § 841.062. Under the SVP Act, a person is a sexually violent predator if the person (1) is a repeat sexually violent offender and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence. *Id*. § 841.003(a). A behavioral abnormality is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2). A predatory act is "an act directed toward individuals, including family members, for the primary purpose of victimization." *Id*. § 841.002(5).

Revels argues the trial court erred by prohibiting him from asking a proper question during voir dire about the alleged behavioral abnormality, hebephilia. The State responds the trial court properly sustained its objection to an improper commitment question because it sought to determine potential jurors' verdicts "based on a particular piece of evidence" and contained more than the necessary facts.

During voir dire, counsel asked, without objection, whether jurors could "set aside any bias if there's an offense against a child?" After several jurors answered

that question, one venireperson responded, saying, "I mean, I can listen to any of the same thing as the young lady said before so long as it's not under a certain age. I mean, fourteen, fifteen, sixteen I can understand that, but the underage, thirteen and under, no. I would not be fine." Counsel responded: "And we can't talk about ages really, but would you be able to set aside that bias if you find that there's an offense against a child in this case?" The venireperson responded, "I mean, I understand what we're doing, but if I get back there and then all of a sudden I find it's a young age I couldn't do it."

Counsel then asked the entire panel: "would anyone find it hard to give someone who's been diagnosed by an expert as a hebephile, and that is a sexual attraction to what is parapubescent or postpubescent children, a fair trial?" The state objected "to an improper commitment and comment on evidence" and the court sustained the objection. Appellant's counsel asked to approach but the court said "No. I sustained the objection. Move on."

This is a proper commitment question pursuant to *In re Commitment of Hill*, 334 S.W.3d 226, 228 (Tex. 2011) (per curiam) (homosexuality), and its progeny: *In re Commitment of Kalati*, 370 S.W.3d 435, 440–41 (Tex. App.—Beaumont 2012, pet. denied) (diagnosis as pedophile), *In re Commitment of Miller*, No. 09-11-00450-CV, 2012 WL 3031160, at *1–3 (Tex. App.—Beaumont July 26, 2012, pet. denied) (offenses against children); *In re Commitment of Porter*, No. 11-18-00015-CV, 2018 WL 6544751, at *1–2 (Tex. App.—Eastland Dec. 13, 2018, no pet.) (bestiality), *In*

*re Commitment of Wiley*, No. 06-18-00056-CV, 2019 WL 490142 (Tex. App.—Texarkana Feb. 8, 2019, no pet.) (elderly victims), and our decision in *In re Commitment of Barnes*, No. 05-19-00702-CV, 2020 WL 4499795, at *5–8 (Tex. App.—Dallas Aug. 5, 2020, pet. denied) (diagnosis as pedophile). Implicit in this conclusion, we find nothing objectionable in the very minimal explanation of hebephilia counsel gave. We do not expect jurors to know a word the court, in all candor, had to look up itself.

Of note, when counsel later asked a very similar question, the state again objected, the court again sustained, counsel again asked to approach, the court again declined, and said, "You already did it when you got into the child testimony—I mean child victim." We disagree that the court had allowed appellant to question the venire on the subject of hebephilia. *Cf. Commitment of Barnes*, 2020 WL 4499795, at *8 (trial court otherwise allowed the substance of the improperly excluded question such that there was no reversible error).[1]

---

[1] We note that the visiting judge sitting in place of the judge of the 195th District Court twice refused counsel's requests to approach to discuss the matter during voir dire, despite counsel stating "I have case law I can give you" after the second sustained objection. It was only after voir dire that the court allowed counsel to make a record and concluded, after counsel discussed *Hill*, *Kalati*, *Wiley*, and *Miller*, as follows:

> The Court does sustain the Petitioner's objection. I would like to look at your case law only for the next trial, but the record is what the record is. And if there's any error then that will [be] up to the Court of Appeals if the answer is yes. But there is no way I can change my ruling at this time. But both of you have your positions on the record and the Court did sustain the objection and tell the Respondent to move on to a different topic.

The trial court abused its discretion in excluding the hebephelia-specific line of questioning because the diagnosis of hebephilia was part of appellant's sexual history relevant to the alleged behavioral abnormality and the question was directed at exposing bias or prejudice related to that history. *See Commitment of Hill*, 334 S.W.3d at 230; *Commitment of Kalati*, 370 S.W.3d at 441; *Commitment of Miller*, 2012 WL 3031160, at *3; *see also Babcock v. Nw. Mem'l Hosp.*, 767 S.W.2d 705, 709 (Tex. 1989); TEX. R. APP. P. 44.1(a)(1).

We reverse the trial court's judgment and remand for a new trial. *See Commitment of Hill*, 334 S.W.3d at 230; *Commitment of Kalati*, 370 S.W.3d at 441.


/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

210868f.p05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

IN RE: THE COMMITMENT OF
KENDRICK DEVONE REVELS

No. 05-21-00868-CV

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. CV-2070007-
N.
Opinion delivered by Justice Carlyle.
Justices Molberg and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

Judgment entered this 8th day of November, 2022.