

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00323-CV

IN RE: THE COMMITMENT OF JAMES ALLEN HAMM

On Appeal from the 43rd District Court
Parker County, Texas[1]
Trial Court No. CV24-1765, Honorable Craig Towson, Presiding

May 20, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant James Allen Hamm appeals from a final judgment and order of civil commitment, asserting that the trial court abused its discretion by failing to take any remedial measure following a venire member's allegedly inflammatory and prejudicial comment during voir dire. We affirm.

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

## BACKGROUND

Hamm was convicted of sexual assault of a child in 1985 and incarcerated. After his release, he was convicted of aggravated sexual assault of another child in 1992 and incarcerated again. In 2024, the State of Texas brought a civil suit against Hamm to commit him as a sexually violent predator under chapter 841 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE § 841.041 (providing for petition seeking civil commitment of sexually violent predators). The matter proceeded to trial. During voir dire, counsel for the State questioned the venire panel regarding their ability to listen to all of the evidence presented, leading to the exchange at issue on appeal:

> [State's Counsel]: Is there anyone here who is feeling like if I hear about child victims, that's it. I'm not going to be able to function, I'm not going to listen to all of the evidence, I'm not going to follow the law? . . . No. 54, Mr. Luna; is that correct?
>
> A: Yes, ma'am.
>
> [State's Counsel]: Okay. . . . But are you saying that if you hear about child victims, then you're not going to be able to listen to everything? You won't keep an open mind, listen start to finish, follow the law as the judge gives it to you?
>
> A: No, ma'am.
>
> [Court] Reporter: Could you stand up, please.
>
> A: I – I don't prove it. I don't think that's right. I think all those who defend them is just as much a slime as he is.

At that point, Hamm's counsel objected and the following bench conference ensued:

> The Court: Are you objecting to what she asked or what he was responding?
>
> [Hamm's Counsel]: I object to what he responded with, and our motion –

2

The Court: What's wrong with that?

[Hamm's Counsel]: Your Honor, our motion would be to strike him and have him exit the courtroom immediately so he does not further taint this jury pool.

. . .

[State's Counsel]: I don't think that would be appropriate at this time. I think he's expressed his opinion. We can take up strikes for cause later. I don't think he said anything else. I don't know that removing him from the courtroom is –

. . .

The Court: Hang on. Here is where the Court is. Obviously he's expressed an opinion. Thank you very much. Move on.

The bench conference then concluded, and counsel for the State stated, "Thank you, Mr. Luna. I appreciate you speaking up." Voir dire continued, with no further references made to the "slime" remark. Venire member number 54 did not make additional comments, and neither he nor others were questioned about his statements. Venire member number 54 was outside the strike zone. Thus, he was not seated on the jury and the parties did not have to use a strike on him.

Following the presentation of the evidence, the jury unanimously found beyond a reasonable doubt that Hamm is a sexually violent predator as defined by section 841.003 of the Texas Health and Safety Code. The trial court entered an order of civil commitment, from which Hamm appeals.

**ANALYSIS**

In his single appellate issue, Hamm argues that the trial court abused its discretion by failing to either sua sponte quash the venire panel or sua sponte instruct it to disregard

3

the venire member's comment. We note that Hamm did not request that the trial court take either of the actions at trial. *See Unkart v. State*, 400 S.W.3d 94, 102 (Tex. Crim. App. 2013) (noting that timely instruction to disregard statement during voir dire would have cured any error); *Young v. State*, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004) (en banc) (timely instruction to disregard statement during voir dire would have cured any prejudice). However, Hamm contends that his objection expressed his desire for the trial judge to address the comment and was thus sufficient to preserve his arguments on appeal. In the alternative, he asserts that the "slime" statement was so egregious that it tainted the jury pool to the extent that the trial court had a duty to act and that, by failing to do so, the trial court violated Hamm's rights. Thus, he claims the error was fundamental and can be raised for the first time on appeal. We review a trial court's rulings on voir dire for an abuse of discretion. *In re Commitment of Hill*, 334 S.W.3d 226, 229 (Tex. 2011) (per curiam).

Even if we assume, without deciding, that an error was both committed and preserved, we conclude that the claimed error is harmless. Hamm has not shown how the trial court's failure to sua sponte address the comment probably caused the rendition of an improper verdict. *See* Tex. R. App. P. 44.1(a) (error in civil case only reversible if it probably caused an improper verdict or prevented appellant from properly presenting case on appeal). When reviewing for harm, we examine the entire record to assess whether any error likely led to an improper judgment. *In re Commitment of Jones*, 602 S.W.3d 908, 914 (Tex. 2020) (per curiam).

Our review of the entire record does not show that the trial court's failure to sua sponte address the "slime" comment likely caused an improper verdict. First, the

4

individual who made the comment did not serve on the jury. Hamm speculates that another juror heard the comment and may have been prejudiced to the extent that it influenced his or her verdict. But Hamm has not shown that any other juror was actually influenced by the comment, nor has he provided any authority for his claim that the "slime" label was so inflammatory that we must assume it tainted the entire panel. *See Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009) (party claiming incurable harm must show offensive argument was so extreme that "juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that which he would have agreed but for such argument."). The record is simply devoid of evidence that any juror was prejudiced by the remark. Further, it does not seem probable that this comment would have so affected other jurors that they were rendered incapable of drawing their own conclusions from the evidence presented at trial. Moreover, the record contains sufficient evidence by which the jury could reasonably conclude that Hamm is a sexually violent predator. *See Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex. 1979) (party alleging improper jury argument must show probability that improper argument caused harm is greater than probability that verdict was grounded on proper proceedings and evidence). Finally, our review of the entire record does not indicate that Hamm did not receive a fair trial.

On the record before us, we cannot conclude that the trial court's failure to sua sponte quash the jury panel or instruct it to disregard the "slime" remark probably caused the rendition of an improper verdict. Accordingly, we overrule this issue.

## CONCLUSION

Having overruled Hamm's sole issue, we affirm the judgment of the trial court.


Judy C. Parker
Chief Justice